EXHIBIT A

## *Sanders, Sanders, Block, Woycik, Viener & Grossman, P.C.*
Attorneys at Law
www.TheSandersFirm.com

**MAIL ALL CORRESPONDENCE TO:**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel. (516) 741-5252
Fax (516) 741-0799

Corporate Claims

AUG 0 9 2021

August 03, 2021

Received

JB Hunt Transport, Inc.
P.O. Box 598
Lowell, AR 72745

Attention:  Ms. Shari Dart
Claims Department

Re:  Claimant: Ketty Parkinson
Your Insured: Pedro Ortiz-Mercado
Your Claim #: 20410975      34
D/A: 12/15/2020
Our File No.: SSBW-AA-PEDES-66625

Dear Shari Dart:

On May 26, 2021 a Summons and Complaint was served on your insureds, Pedro Ortiz-Mercado and JB Hunt Transport Inc. Enclosed is a copy of the Summons and Complaint and affidavits of service.

To date, we have not received an answer on behalf of your insured. Please provide an Answer to avoid unnecessary motion practice against your insured.

Your prompt response would be appreciated.

Thank you.

Very truly yours,

SANDERS, SANDERS, BLOCK,
WOYCIK, VIENER & GROSSMAN, P.C.

*Michael Villeck*

Michael Villeck

MV:pmi
Encs.

*"A HISTORY OF HELPING PEOPLE"*

SUPREME COURT OF THE STATE OF NEW YORK                Index No.:
COUNTY OF QUEENS
-------------------------------------------------------------------X    **SUMMONS**

KETTY PARKINSON,
                                                                        Plaintiff designates Queens
                                    Plaintiff,                          County as the place of trial.

              -against-                                                 The basis of venue is:
                                                                        Plaintiff's residence.

PEDRO ORTIZ-MERCADO and JB HUNT
TRANSPORT, INC.                                                         Plaintiff resides at:
                                                                        5300 65th Place, Apartment 2J
                                    Defendants.                         Maspeth, New York 11378

-------------------------------------------------------------------X    County of Queens

**TO THE DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       May 12, 2021                    Yours, etc.,

                                                   SANDERS, SANDERS, BLOCK, WOYCIK,
                                                   VIENER & GROSSMAN, P.C.

                                                   _____
                                                   MICHAEL F. VILLECK
                                                   Attorney for Plaintiff
                                                   **KETTY PARKINSON**
                                                   100 Garden City Plaza, Suite 500
                                                   Garden City, New York 11530
                                                   (516) 741-5252
                                                   FILE#: SSBW-AA-PEDES-66625

TO:   **PEDRO ORTIZ - MERCADO**
        265 Chapman Street
        Greenfield, Massachusetts 01301

        **JB HUNT TRANSPORT, INC.**
        705 B North Bloomington
        Lowell, Arkansas 72745

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
KETTY PARKINSON,

                      Plaintiff,

     -against-

PEDRO ORTIZ-MERCADO and JB HUNT
TRANSPORT, INC.

                      Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C.**, complaining of the defendants above-named, respectfully alleges as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: KETTY PARKINSON

1.     That at all the times hereinafter mentioned, plaintiff was and still is a resident of the County of Queens, City and State of New York.

2.     Upon information and belief, that at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3.     Upon information and belief, that at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., is a foreign corporation authorized to do business in the State of New York.

4.     Upon information and belief, that at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., was and still is a limited liability company doing business in the State of New York.

5. That at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., was the registered owner of a certain motor vehicle bearing license plate number 2XT185 for the State of Oklahoma for the year 2020.

6. That at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., was the titled owner of a certain motor vehicle bearing license plate number 2XT185 for the State of Oklahoma for the year 2020.

7. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, was the operator of the aforesaid motor vehicle.

8. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, was the operator of the aforesaid motor vehicle with the consent and permission of the defendant owner, JB HUNT TRANSPORT, INC., in the State of New York.

9. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, was the operator of the aforesaid motor vehicle with the consent and permission of the defendant owner, JB HUNT TRANSPORT, INC.

10. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, was the operator of the aforesaid motor vehicle in the course of his employment with the defendant owner, JB HUNT TRANSPORT, INC.

11. Upon information and belief, that at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., maintained the aforesaid motor vehicle.

12. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, maintained the aforesaid motor vehicle.

13. Upon information and belief, that at all the times hereinafter mentioned, defendant, JB HUNT TRANSPORT, INC., controlled the aforesaid motor vehicle.

14. Upon information and belief, that at all the times hereinafter mentioned, defendant, PEDRO ORTIZ-MERCADO, controlled the aforesaid motor vehicle.

15. That at all the times hereinafter mentioned, Broadway, at or near the premises, property and roadway located at 25-33 Broadway, County of Queens, City and State of New York, was and still is a public street and highway.

16. That on or about the 15th day of December, 2020, plaintiff was a pedestrian, lawfully at the aforesaid location.

17. That at the aforesaid time and place, the defendants' motor vehicle came into contact with the person of the plaintiff.

18. That as a result thereof, this plaintiff was caused to sustain a serious injury as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

19. That the said occurrence and serious injuries sustained by this plaintiff were occasioned through the negligence of defendants, in causing and permitting their motor vehicle to be operated in a negligent, dangerous and illegal manner; in following too closely; in failing and omitting to have their motor vehicle under reasonable and proper control; in carelessly and negligently causing and permitting their motor vehicle to be operated over and along a public highway at a high and/or excessive rate of speed and/or a greater rate of speed than care and caution would permit under the circumstances then and there existing; in failing to be properly alert; in failing to yield the right of way to a pedestrian; in failing to keep a proper lookout and to see what was there to be seen; in failing to make proper, prompt, and efficient use of adequate brakes and steering mechanisms; in failing to obey traffic signs and signals at the intersection; in failing to properly maintain and equip their motor vehicle; in causing, permitting, and allowing their motor

vehicle to strike and collide with the person of the plaintiff; in failing to take those steps necessary to avoid the accident herein; in failing to slow down and/or stop at the intersection; in failing to observe the conditions of traffic then and there prevailing; in failing to make proper legal left turn; in operating their motor vehicle without regard to the traffic then present on the said thoroughfare; in failing to bring their motor vehicle to a proper stop so as to avoid contact with the person of the plaintiff; in failing to sound a warning or give any other sign by horn or otherwise of their approach or of the impending accident; in failing to operate said vehicle in its proper lane of traffic; in improperly turning; in negligently turning; in improperly backing up; in proceeding when it was unsafe to do so; in disregarding the instructions of the plaintiff; in striking the plaintiff despite a clear view of the plaintiff; in proceeding into the intersection and roadway when it was unsafe to do so; and in failing to slow down the vehicle in order to take cognizance of pedestrians at or near the intersection prior to entering into the intersection.

20.     That this action falls within one or more of the exceptions set forth in CPLR §1602 and does not limit the liability of the defendants' joint or several responsibility.

21.     That by reason of the premises as aforesaid, this plaintiff was rendered sick, sore, lame, and disabled and her injuries, upon information and belief, are of a permanent character. That by reason thereof, she has been prevented from following her usual vocation and has been obliged to incur expense and obligations for medicines, medical care, attention, and treatment, and she is informed, and she verily believes, that she will, in the future, be obliged to incur expense and obligations for medicines, medical care, attention, and treatment and continuous pain and suffering and be unable to follow her current vocation, all to her damage in an amount which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF: KETTY PARKINSON

22. This plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs of the Complaint designated "1" through "21," inclusive with the same force and effect as though said paragraphs were more fully and completely set forth herein at length.

23. That as a result thereof, plaintiff was caused to sustain serious injuries as defined under §5102(d) of the Insurance Law of the State of New York, or economic loss greater than basic economic loss as defined in §5102(a) of the Insurance Law.

24. To the extent that the expenses incurred and other consequential losses suffered by plaintiff are not covered by the No-Fault Insurance benefits, defendant shall be liable to plaintiff to the full extent thereof, for an amount which exceeds the jurisdictional limits of all lower Courts.

**WHEREFORE**, plaintiff prays for judgment against defendants in the first cause of action for an amount which exceeds the jurisdictional limits of all lower Courts; and in the second cause of action for an amount which exceeds the jurisdictional limits of all lower Courts, all together with the costs and disbursements incurred herein, and for such other, further and different relief as the Court deems just and proper.

Dated: Garden City, New York
May 12, 2021

Yours, etc.,

SANDERS, SANDERS, BLOCK, WOYCIK,
VIENER & GROSSMAN, P. C.

_____
MICHAEL F. VILLECK
Attorney for Plaintiff
**KETTY PARKINSON**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-5252
FILE#: SSBW-AA-PEDES-66625

## ATTORNEY'S VERIFICATION

**MICHAEL F. VILLECK**, an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SANDERS, SANDERS, BLOCK, WOYCIK, VIENER & GROSSMAN, P. C., attorneys of record for Plaintiff, **KETTY PARKINSON**. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the County wherein I maintain my offices.

Dated: Garden City, New York
       May 12, 2021

_____
          **MICHAEL F. VILLECK**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------------X
KETTY PARKINSON,

                                                Plaintiff,        Supreme Court, Queens
                                                                    County Index No.: 711159/2021

       -against-

                                                                    **VERIFIED ANSWER**

PEDRO ORTIZ-MERCADO and JB HUNT
TRANSPORT, INC.,

                                                Defendants.
---------------------------------------------------------------------X

       Defendants, **PEDRO ORTIZ-MERCADO and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT, INC.**, by and through their attorneys, RAWLE & HENDERSON LLP, as and for its answer to plaintiff's verified complaint, allege upon information and belief as follows:

**ANSWERING AS AND FOR A FIRST CAUSE OF
ACTION ON BEHALF OF PLAINTIFF: KETTY PARKINSON**

1. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1" and "16" of plaintiff's complaint.

2. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2," "3," "4," "11," "12," "13," "14," "15" and "17" of plaintiff's complaint and leave all matters of law to the Court.

3. Admit each and every allegation contained in paragraphs "5" and "6" of plaintiff's complaint.

4. Deny having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "7," "8," "9" and "10" of plaintiff's complaint and leave all matters of law to

15153876-1

the Court, except that Pedro Ortiz-Mercado was an employee of J.B. Hunt Transport, Inc. on December 15, 2020.

5. Deny each and every allegation contained in paragraphs "18," "19," "20" and "21" of the plaintiff's complaint.

## ANSWERING AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF: KELLY PARKINSON

6. As to paragraph "22" of plaintiff's verified complaint, these answering defendants repeat, reiterate and reallege each and every answer herein as if more fully set forth at length.

7. Deny each and every allegation contained in paragraphs "23" and "24" of the plaintiff's complaint.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

8. That the comparative negligence of the plaintiffs has barred them from relief against these answering defendants. If, in fact, the damages occurred as alleged in the verified complaint, said damages occurred as a result of the plaintiffs' own provocation, carelessness, negligence, improper and culpable conduct and the plaintiffs were thereby guilty of comparative negligence as a result thereof, in whole or in part, or alternatively, any verdict which may be found against these answering defendants will be reduced by the proportionate culpability of the plaintiffs for their negligence, want of care and culpable conduct.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

9. That in the event of any judgment or verdict on behalf of the plaintiffs, these answering defendants are entitled to a set-off or verdict with respect to the amounts of any past or future expenses pursuant to §4545 of the CPLR.

15153876-1

### AS AND FOR A THIRD, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

10. That this action does not fall within one or more of the exceptions set forth in CPLR §1602 and thus these answering defendants are responsible only for their pro rata share of any verdict.

### AS AND FOR A FOURTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

11. That the verified complaint fails to state a cause of action upon which relief can be granted by virtue of the fact that plaintiffs have failed to sustain serious injuries for which they are entitled to compensation as defined in 5102(4)(d) of the Insurance Law and are thus not entitled to relief by this Court.

### AS AND FOR A FIFTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

12. That further the injuries complained of by the plaintiffs were caused in whole or in part or were rendered more severe by virtue of the fact that plaintiffs failed to utilize the seat belts, shoulder harnesses or other restraining devices attached to the vehicle in which they were riding at the time that the accident occurred.

### AS AND FOR A SIXTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

13. To the extent that any payments have been made or may be made pursuant to Article 51 of the Insurance Law of the State of New York (Comprehensive Motor Vehicle Insurance Reparations Act) before the trial of this action, such payments will be considered in offset and in mitigation of damages.

### AS AND FOR A SEVENTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

14. Answering defendants assert all defenses available to them pursuant to Articles 51 and 52 of the Insurance Law of the State of New York.

### AS AND FOR AN EIGHTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

15. Plaintiffs have failed to mitigate any alleged damages, said damages being specifically denied by answering defendants.

### AS AND FOR A NINTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

16. All injuries complained of by plaintiffs pre-existed the alleged accident, said injuries and accident being specifically denied.

### AS AND FOR A TENTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

17. Plaintiffs are guilty of contributory negligence, and therefore, plaintiffs' Complaint herein is barred or any recovery must be reduced by the percentage share of plaintiffs' negligence.

### AS AND FOR AN ELEVENTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

18. Any damages sustained by the plaintiffs were entirely or substantially caused by the negligence of plaintiffs, including contributory negligence, and/or the negligence of other parties or persons for whom answering defendants have no responsibility, and not by the culpable conduct or negligence of answering defendants.

### AS AND FOR A TWELFTH, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

19. The plaintiff did not use, or improperly used, any available seat belt and/or shoulder harness, and plaintiff's injuries, which are denied, were caused, contributed to and/or exacerbated

by the lack of use, or improper use, of the seat belt and/or shoulder harness, and plaintiff's alleged injuries could have been obviated or mitigated by the use of any available seat belt and/or shoulder harness, and that plaintiffs' failure to use, improper use, of any seat belt and/or shoulder harness was in contravention of the New York Vehicle and Traffic Law and constitutes failure to mitigate damages in accordance with *Spier v. Barker*, 35 N.Y.2d 444 (1974).

**AS AND FOR A THIRTEENTH, SEPARATE<br>AND COMPLETE AFFIRMATIVE DEFENSE**

20. This action is barred in whole or in part by the applicable statute of limitations.

**WHEREFORE**, defendants, **PEDRO ORTIZ-MERCADO and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT, INC.**, demand judgment dismissing the plaintiff's complaint together with costs and disbursements and awarding all and such further relief as this Court shall deem just, equitable and proper.

Dated: New York, New York
       September 10, 2021

                                   **RAWLE & HENDERSON LLP**
                                   Attorneys for Defendants
                                   **PEDRO ORTIZ-MERCADO and J.B.**
                                   **HUNT TRANSPORT, INC. s/h/a JB**
                                   **HUNT TRANSPORT, INC.**

By: _____
     Anthony D. Luis, Esq.
     14 Wall Street – 27th Floor
     New York, New York 10005-2101
     Telephone No.: 1 (212) 323-7070
     Fax No.: 1 (212) 323-7099
     Our File No.: 805348

15153876-1

TO: Michael F. Villeck, Esq.
SANDERS, SANDERS, BLOCK, WOYCIK,
VIENER & GROSSMAN, P.C.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Attorney for Plaintiff
**KETTY PARKINSON**
Telephone No.: 1 (516) 741-5252
Your File No.: SSBW-AA-PEDES-66625

15153876-1

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                      ) ss.:
COUNTY OF NEW YORK     )

      **ANTHONY D. LUIS**, an attorney admitted to practice in the State of New York, affirms: That the undersigned is a Partner with the firm of RAWLE & HENDERSON LLP attorneys for defendants, **PEDRO ORTIZ-MERCADO and J.B. HUNT TRANSPORT, INC. s/h/a JB HUNT TRANSPORT, INC.**, in the within action; that the undersigned has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

      The undersigned further states that the reason this affirmation is made by the undersigned and not by the defendants is that the defendants are outside the county where the undersigned maintains his offices.

      The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated:    New York, New York
           September 10, 2021

                                                **ANTHONY D. LUIS**

 

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 09/10/2021 04:40 PM. Please keep this notice as a confirmation of this filing.

**711159/2021**
**Ketty Parkinson v. Pedro Ortiz-Mercado et al**
Assigned Judge: None Recorded

## Documents Received on   09/10/2021 04:40 PM

| Doc # | Document Type |
|---|---|
| 5 | ANSWER |

## Filing User

Anthony D. Luis | aluis@rawle.com
14 Wall St Fl 27, New York, NY 10005

## E-mail Notifications

An email regarding this filing has been sent to the following on 09/10/2021 04:40 PM:

**GABRIEL A. AREVALO** - garevalo@rawle.com
**ANTHONY D. LUIS** - aluis@rawle.com
**MICHAEL F. VILLECK** - mvilleck@thesandersfirm.com

---

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601    Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile